UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Frankie Hoover,

    Petitioner,

    v.                                                 Civil Action No. 5:19-cv-52-gwc

United States of America,

    Respondent.

## **OPINION and ORDER**
(Doc. 18)

In 2017, Defendant Frankie Hoover was convicted in this Court following his plea of guilty to one count of conspiracy to distribute 100 grams or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846; 841(a)(1), (b)(1)(B). *United States v. Hoover*, No. 5:16-cr-58-gwc, Docs 57, 62 (D. Vt. Apr. 21, 2016) (*Hoover I*). Hoover had pleaded guilty in that case pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C). *See id*. Doc. 38. That binding agreement called for a sentence of between 60 to 84 months in prison. *Id*. at 5, ¶ 13. On October 26, 2017, Hoover was sentenced to a 70-month term of imprisonment—within the agreed upon range—to be followed by a four-year term of supervised release. *Id*. Doc. 57. No direct appeal was taken by Hoover.

On April 11, 2019, Hoover, proceeding *pro se*, commenced postconviction relief proceedings in the United States District Court for the Eastern District of Pennsylvania, and that action is now before this Court. *Hoover v. United States*, No. 5:19-cv-52-gwc,

Doc. 1 (D. Vt. Apr. 15, 2019) (*Hoover II*).[1] A brief summary of that action and its road to this Court is helpful to understand the present posture of both cases. In its response to Hoover's filings in *Hoover II*, the government accurately describes the path Hoover's petition has taken to reach this Court:

> On April 10, 2019, Hoover mailed a pleading to the United States District Court for the Middle District of Pennsylvania styled as a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (hereafter "Petition"). The Petition asserted that this Court incorrectly applied U.S.S.G. § 2D1.1(b)(1)'s dangerous weapon enhancement when sentencing Hoover. In summary, the Petition contended that the Court's decision was wrong because Hoover never possessed a firearm, never knew an accomplice possessed a firearm, and that the evidence of gun possession was circumstantial and speculative. Hoover's Petition also stated that he appealed this Court's application of the firearm enhancement to the Federal Bureau of Prisons ("BOP"), beginning in August 2018, and that he escalated his appeal up the BOP chain of authority. Doc. 1, at 2–4.
>
> Hoover also filed with the Middle District of Pennsylvania a Petition to Transfer Section 2241 Motion to Sentencing Court. Doc. 3 (hereafter "Transfer Motion"). In the Transfer Motion, Hoover argued that the Petition "attacks aspects of the 70[-]month sentence imposed upon him by the United States District Court for Vermont." Doc. 3, at 1. Hoover also argued in the Transfer Motion that 28 U.S.C. § 2241 provided him with an avenue for the relief he seeks because "the remedy under § 2255 relief would be 'inadequate or ineffective to test the legality of his detention.'" Doc. 3, at 1 (quoting *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000)).
>
> In an April 15, 2019 Memorandum Opinion granting the Transfer Motion, United States Magistrate Judge Martin C. Carlson of the United States District Court for the Middle District of Pennsylvania explained that 28 U.S.C. § 2255 relief is not inadequate or ineffective merely because a § 2255 motion will not succeed for procedural or substantive reasons. Doc. 5 at 4. Therefore, "Hoover may not avoid the necessity of pursuing relief under § 2255," and if Hoover were to pursue relief under § 2241, "the petition must be dismissed for lack of jurisdiction." *Id.*

(Doc.13 at 2–3.)

---

[1] Citations to entries on the CM/ECF docket for *Hoover I* are indicated without parentheses, whereas docket citations for *Hoover II* are indicated in parentheses.

After the United States District Court for the Eastern District of Pennsylvania transferred *Hoover II* to the District of Vermont, the government, assuming that the petition was one filed pursuant to 28 U.S.C. § 2255 challenging the sentence imposed in *Hoover I*, sought dismissal of Hoover's petition. (Doc. 13.) The government argues that relief under 28 U.S.C. § 2241 is unavailable to Hoover because he attacks the sentence itself, and that relief under 28 U.S.C. § 2255 is similarly unavailable to Hoover because (1) his motion was filed more than one year after the date his judgment became final and is therefore barred by the one-year statute of limitation governing § 2255 motions, (2) Hoover did not pursue his sentencing arguments on a direct appeal, and (3) Hoover's bargained-for, below guideline, 70-month sentence does not constitute a miscarriage of justice. (*Id.* at 3–4.)

The government argues that Hoover should be afforded an opportunity to withdraw his petition under the authority of *Castro v. United States*, 540 U.S. 375, 383 (2003), in the event of the Court's intent to recharacterize his petition as one filed under 28 U.S.C. § 2255, together with notice that any *subsequent* petition will be subject to the restrictions on second or successive motions, and to permit him an opportunity to present all of his claims. (*Id.* at 6.)

The government is correct in that current law prohibits the court from converting the motion into a § 2255 motion without giving notice and opportunity to withdraw the motion. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). This is because the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, codified at 28 U.S.C. § 2244, "places stringent limits on a prisoner's ability to bring a

3

second or successive application for a writ of habeas corpus under either 28 U.S.C. § 2254 or § 2255." *Id.* at 583.

> If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a "second" § 2255. Thus a conversion . . . may result in a disastrous deprivation of a further opportunity to have a well-justified grievance adjudicated.

*Id.* Therefore, the Second Circuit has held that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.* at 584. The Supreme Court has adopted this rule and when a district court considers recharacterizing a motion as one brought under § 2255, it must:

> notify the [self-represented] litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383; *see also id.* at 377.

Hoover is advised that with respect to a motion under 28 U.S.C. § 2255, relief from a criminal sentence is available on the ground that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a result, this Court may vacate a sentence under § 2255 "only for a

4

constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutions a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). Furthermore, Hoover is further advised that, in general, a defendant is permitted to file only one § 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b). Thus, all potential claims must generally be included in the initial § 2255 motion.

Hoover has now filed a Reply to the government's response in which he states his election to proceed with his petition as a motion under 28 U.S.C. § 2255. (Doc. 17.) Hoover also seeks two forms of intermediate relief. Therein, Hoover "begs the Court for the opportunity to amend the form" and "requests that his petition be converted and accepted as a Successive Section 2255 petition, granted for review out of time." (Doc. 18 at 1–2.)

As to Hoover's first request that his motion be treated as a second or successive § 2255 motion, that request is misguided as Hoover has not previously sought relief under § 2255 and therefore permission of the Court of Appeals to proceed is not required.[2] As to Hoover's request that he be afforded an opportunity to amend his

---

[2] Under 28 U.S.C. § 2255(h), "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Moreover, 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Applying these statutes, the Second Circuit requires that, where a district court is presented with a second or successive § 2255 motion, it must transfer that motion to the Court of Appeals. *See Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court.").

5

§ 2255 motion, that motion for an enlargement of time (Doc. 18) is GRANTED and Hoover is granted leave to amend his § 2255 motion in order to bring any and all claims, and further to address the arguments raised in the government's Response. (Doc. 13.) Hoover is advised that an Amended § 2255 motion will supersede and take the place of his original motion. For that reason it must include all claims and the factual basis for those claims. Any amended § 2255 motion must be filed within 30 days of this Order. In the event Hoover foregoes filing an amended § 2255 motion, the Court will undertake review of his existing filing, construed as a § 2255 motion.

Dated at Burlington, in the District of Vermont, this 15th day of October 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge