UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

    v.

Frankie Hoover

Crim. No. 5:16-cr-58-gwc
Civil Action No. 5:19-cv-52-gwc

## REPORT AND RECOMMENDATION
(Docs. 63, 65)

Frankie Hoover, proceeding *pro se*, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *United States v. Hoover*, No. 5:16-cr-00058-gwc, Doc. 63 (D. Vt. Apr. 21, 2016) (*Hoover I*). Presently before the Court is the government's Motion to Dismiss the § 2255 Motion. (Doc. 65).[1] The government contends that Hoover's Motion is barred by the one-year statute of limitations governing § 2255 motions. For the reasons set forth below, I recommend that the government's Motion to Dismiss be GRANTED.

As explained below, I further recommend that, if the Court adopts this Report and Recommendation, the Court also enter an Order dismissing a parallel motion to vacate Hoover's sentence that was originally filed in the United States District Court for the Middle District of Pennsylvania and subsequently transferred to this Court.

---

[1] The government's Motion also seeks, in the form of alternate relief, an order compelling defense counsel to provide an affidavit responding to Hoover's claims and an enlargement of time in which to respond further to Hoover's claims of ineffectiveness in the event the Motion to Dismiss is denied. (Doc. 65.) Because I recommend that the government's Motion to Dismiss be granted, the government's motion for an order compelling an affidavit and an enlargement of time is denied as moot.

## Background

In 2017, Defendant Frankie Hoover was convicted in this Court following his plea of guilty to one count of conspiracy to distribute 100 grams or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(B). (Doc. 57; Doc. 62 at 21:7–12.)  Hoover, with benefit of counsel, pleaded guilty in that case pursuant to a binding written plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  (*See* Doc. 38.)  That binding agreement called for a sentence of between 60 and 84 months in prison.  (*Id*. at 5, ¶ 13.)  Prior to sentencing, a Presentence Report (PSR) had been submitted to the Court, concluding that Hoover faced a sentence under the advisory Sentencing Guidelines of 121–151 months, based on an adjusted offense level of 29 and a Criminal History Category of IV.  (PSR at 23, ¶ 115.)  At the October 26, 2017 sentencing hearing, after hearing from counsel, the Court rejected the drug quantity calculation found in the PSR but accepted the determination in the PSR that the weapon enhancement was warranted.  (Doc. 62 at 21–22).  The Court found that the resulting Sentencing Guideline range was 84–105 months.  (*Id*. at 22.)  The Court further adjusted or varied from this range based on Hoover's childhood hardship and Hoover was sentenced to a 70-month term of imprisonment—within the agreed-upon range—to be followed by a four-year term of supervised release.  (Doc. 62 at 26:12–23; *see also* Doc. 57.)  Hoover was advised of his right to appeal from the sentence.  (Doc. 62 at 28–29.)  No direct appeal was taken by Hoover.

## I. Hoover's Initial Postconviction Filing

On April 11, 2019, Hoover commenced postconviction-relief proceedings in the United States District Court for the Middle District of Pennsylvania, and that civil action is also now before this Court. *Hoover v. United States*, No. 5:19-cv-00052-gwc, Doc. 1 (D. Vt. Apr. 15, 2019) (*Hoover II*)[2]. An understanding of the nature of that action and its road to this Court is helpful to an understanding of the present posture of both cases. In its response to Hoover's filings in *Hoover II*, the government accurately describes the path Hoover's original petition took to reach this Court:

> On April 10, 2019, Hoover mailed a pleading to the United States District Court for the Middle District of Pennsylvania styled as a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (hereafter "Petition"). The Petition asserted that this Court incorrectly applied U.S.S.G. § 2D1.1(b)(1)'s dangerous weapon enhancement when sentencing Hoover. In summary, the Petition contended that the Court's decision was wrong because Hoover never possessed a firearm, never knew an accomplice possessed a firearm, and that the evidence of gun possession was circumstantial and speculative. Hoover's Petition also stated that he appealed this Court's application of the firearm enhancement to the Federal Bureau of Prisons ("BOP"), beginning in August 2018, and that he escalated his appeal up the BOP chain of authority. Doc. 1, at 2–4.
>
> Hoover also filed with the Middle District of Pennsylvania a Petition to Transfer Section 2241 Motion to Sentencing Court. Doc. 3 (hereafter "Transfer Motion"). In the Transfer Motion, Hoover argued that the Petition "attacks aspects of the 70[-]month sentence imposed upon him by the United States District Court for Vermont." Doc. 3, at 1. Hoover also argued in the Transfer Motion that 28 U.S.C. § 2241 provided him with an avenue for the relief he seeks because "the remedy under § 2255 relief would be 'inadequate or ineffective to test the legality of his detention.'" Doc. 3, at 1 (quoting *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000)).

---

[2] Citations to entries on the CM/ECF docket for *Hoover I* are indicated in parentheses, whereas docket citations for *Hoover II* are indicated without parentheses.

3

> In an April 15, 2019 Memorandum Opinion granting the Transfer Motion, United States Magistrate Judge Martin C. Carlson of the United States District Court for the Middle District of Pennsylvania explained that 28 U.S.C. § 2255 relief is not inadequate or ineffective merely because a § 2255 motion will not succeed for procedural or substantive reasons. Doc. 5 at 4. Therefore, "Hoover may not avoid the necessity of pursuing relief under § 2255," and if Hoover were to pursue relief under § 2241, "the petition must be dismissed for lack of jurisdiction." *Id.*

*Hoover II*, Doc. 13 at 2–3.

After the United States District Court for the Middle District of Pennsylvania transferred *Hoover II* to the District of Vermont, the government, assuming that the petition was one filed pursuant to 28 U.S.C. § 2255 challenging the sentence imposed in *Hoover I*, sought dismissal of Hoover's petition. *Hoover II*, Doc. 13. The government argued that relief under 28 U.S.C. § 2241 was unavailable to Hoover because he attacked the sentence itself, and that relief under 28 U.SC. § 2255 is similarly unavailable to Hoover because (1) his motion "was filed more than one year after the date his judgment became final" and is therefore barred by the one-year statute of limitation governing § 2255 motions, "(2) Hoover did not pursue his sentencing arguments on a direct appeal, and (3) Hoover's bargained-for, below guideline, 70-month sentence does not constitute a miscarriage of justice." (*Id*. at 3–4.)

This Court subsequently issued an Order informing Hoover of its intent to re-characterize his challenge to his sentence brought initially under the authority of 28 U.S.C. § 2241 as a motion brought under 28 U.S.C. § 2255. *Hoover II*, Doc. 19. The Court afforded Hoover an opportunity to either withdraw his petition prior to

4

the re-characterization or, alternatively, to file an Amended § 2255 motion to permit Hoover to bring all claims in one motion. *Id.* Hoover elected to file what the Court now construes as an Amended Motion under the authority of 28 U.S.C. § 2255. The Clerk of Court has docketed that § 2255 motion in *Hoover I*. (Doc. 63.)

## Analysis

In his pending § 2255 Motion, Hoover brings two claims. First, he asserts that the Court erred in including a two-level enhancement in the determination of the adjusted offense level under USSG § 2B1.1(b)(1) of the Sentencing Guidelines for the possession of a dangerous weapon during the offense conduct. (*Id.* at 4.) Second, Hoover asserts that he received ineffective assistance of counsel when his attorney failed to pursue a direct appeal of the Court's decision to include the dangerous weapon enhancement in the advisory Sentencing Guideline calculation. (*Id.*) The government has moved for the dismissal of the Amended Motion, asserting that it is barred by the one-year statute of limitations governing § 2255 motions. (Doc. 65.)

### I.   Statute of Limitations

Under 28 U.S.C. § 2255(f), habeas motions filed pursuant to § 2255 are subject to a one-year limitations period, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the

5

>Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Plainly, subsections (f)(2) and (f)(3) do not apply here. With respect to subsection (f)(1), the government correctly points out that, because Hoover did not appeal from his original sentence, Hoover's October 26, 2017 conviction became final on November 9, 2017, the date when his time for filing an appeal expired. (Doc. 57); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Hoover signed and filed his initial motion in the Middle District of Pennsylvania on April 10, 2019, well after the one-year statute of limitations expired on November 9, 2018. Therefore, Hoover's Motion is time-barred under subsection (f)(1).

Turning to section 2255(f)(4), that section "establishes the date on which the limitations period begins to run; that date is determined by when 'the facts supporting the claim or claims presented *could have* been discovered through the exercise of due diligence.'" *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000) (quoting 28 U.S.C. § 2255(4), a prior version of what is now § 2255(f)(4)). In *Wims*, the Court noted that Subsection (4):

>is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from

6

> the time when the conviction became final, *see* § 2255(1), to the later date on which the particular claim accrued. *See* [*Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam)] (distinguishing tolling provisions from those that restart the limitations period).

*Id.* at 190; *accord Superville v. United States*, 771 F. App'x 28, 31 (2d Cir. 2019) (summary order). Importantly, this limitations period begins to run "regardless of whether petitioner actually discovers the relevant facts at a later date." *Wims*, 225 F.3d at 188; *accord Lopez-Garcia v. United States*, Nos. 08 Cr. 1287(SCR), 11 Civ. 6261(LAP), 2015 WL 745743, at *2 (S.D.N.Y. Feb. 9, 2015); *Brockway v. Burge*, 710 F. Supp. 2d 314, 323 (W.D.N.Y. 2010). The "date on which the limitations clock began to tick is a fact-specific issue," *Wims*, 225 F.3d at 190, and "[t]he Second Circuit has instructed that a district court must ask whether 'a duly diligent person in petitioner's circumstances' would have discovered the evidence," *Brockway*, 710 F. Supp. 2d at 323–24 (quoting *Wims*, 225 F.3d at 190). The "petitioner bears the burden of persuading the court that he exercised due diligence in discovering the factual predicate of his habeas claim." *Shabazz v. Filion*, No. 9:02-CV-0939 (LEK/GHL), 2006 WL 2792741, at *5 (N.D.N.Y. Sept. 26, 2006) (internal quotation marks omitted) (citing cases), *aff'd*, 402 F. App'x 629 (2d Cir. 2010); *accord United States v. Nuckols*, No. 1:04–CR–139–01, 2009 WL 4684022, at *4 (D. Vt. Dec. 4, 2009).

Thus, unless Hoover can show that the facts underlying his claims that the sentencing court erred in applying the enhancement for possession of a weapon, or that counsel failed to file a notice of appeal could not have been discovered before the limitations period expired on November 9, 2018, the petition will be deemed

7

untimely. *See, e.g., Garcia v. United States*, No. 05 Civ. 5334(LMM), 99 CR. 918(LMM), 2005 WL 1948714, at *1 (S.D.N.Y. Aug. 12, 2005), *aff'd*, 268 F. App'x 20 (2d Cir. 2008). Hoover fails to sustain his burden. Hoover's objection to the weapons enhancement was plainly known to him at sentencing. As to Hoover's claim regarding his attorney's failure to file a timely notice of appeal, a "duly diligent person" in Hoover's position would have known or discovered within a year of his sentence the fact that no appeal was filed on his behalf. *United States v. Davis*, No. 1:02–cr–64–jgm–1, 2015 WL 1097384, at *7 (D. Vt. Mar. 11, 2015) ("At some point [petitioner] should have learned through the exercise of due diligence that no direct appeal had been pursued on his behalf."); *Gonzalez-Ramos v. United States*, No. 05 Civ. 3974, 99 CR. 1112(LAP), 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) ("[T]he question of when Petitioner actually learned his appeal was not pending, or that a notice of appeal had not been filed, is immaterial," because "the pertinent question is whether a diligent person in Petitioner's circumstances would have discovered that no appeal had been filed."). Hoover makes no attempt to satisfy his burden here. For that reason, subsection (f)(4) affords Hoover no relief from his untimely filing.

## II.     Equitable Tolling

In *Holland v. Florida*, the Supreme Court addressed the circumstances in which a federal habeas petitioner can invoke the doctrine of equitable tolling to overcome a statute of limitations. 560 U.S. 631 (2010). *Holland* held that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). This demonstration cannot be made "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* Furthermore, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the Anti-Terrorism and Effective Death Penalty Act of 1996's (AEDPA)] limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). Again, Hoover makes no showing that he pursued his rights diligently and that some extraordinary circumstances stood in his way, preventing him from learning, as he now contends, that counsel failed to pursue a direct appeal. *See Tharrington v. Director, Va. Dept. of Corrections*, Civil Action No. 3:14CV720, 2015 WL 4606174, at *4 (E.D. Va. July 30, 2015) (noting that once the petitioner instructed his attorney to file an appeal, "it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal.").

### III.     Unnecessary to Reach Merits

A court need not reach the merits of a habeas claim when the statute of limitations has expired.  *Nosair v. United States*, 839 F. Supp. 2d 646, 650 (S.D.N.Y. 2012); *see also, e.g.*, *Yekimoff v. N.Y. State Div. of Parole*, No. 02 Civ. 8710 BSJ DF, 2004 WL 2211661, at *2 (S.D.N.Y. Oct. 4, 2004) (dismissing habeas claims solely as time-barred, noting that "the Court need not reach the merits of those claims"); *Duran v. United States*, Nos. 94 CR. 300(RCC), 00 Civ. 407(RCC), 2002 WL 867864 at *3 (S.D.N.Y. May 3, 2002) ("This Court is precluded from addressing the merits of [petitioner's] . . . claim because his petition is untimely under the one-year statute of limitations imposed by the AEDPA."); *Parke v. United States*, No. 97–CV–526 (NPM), 1998 WL 326762, at *2 (N.D.N.Y. Apr. 27, 1998) ("[T]he court need not address the merits of petitioner's claim because the court concludes that the [§ 2255] motion is untimely.").

### IV.     Hearing Requirement

In ruling on a § 2255 motion, the district court is required to hold a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims).  To warrant a hearing, the defendant's motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief.  *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *United States*

*v. Aiello*, 814 F.2d 109, 113–14 (2d Cir. 1987). Hoover has failed to show specific facts which, if proved at a hearing, would entitle him to relief because his Motion is plainly barred by the statute of limitations governing § 2255 motions. Thus, no hearing is required.

## Conclusion

Based on the foregoing, I recommend that the government's Motion to Dismiss (Doc. 65) be GRANTED and the Motion to Vacate, Set Aside, or Correct a Sentence (Doc. 63) be DENIED. In the parallel civil case, *Hoover II*, No. 5:19-cv-00052-gwc, I further recommend that, judgment be entered in favor of the United States and that case be closed for the foregoing reasons.

The government's Motion to Dismiss also seeks, in the form of alternate relief, an order compelling defense counsel to provide an affidavit responding to Hoover's claims and an enlargement of time in which to respond further to Hoover's claims of ineffectiveness in the event the Motion to Dismiss is denied. (Doc. 65.) Because I recommend that the government's Motion to Dismiss be granted, the Motion for an order compelling an affidavit of counsel and an enlargement of time is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 2nd day of January 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

11

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).